# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BOVIN OKOTH MARCO,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No. 1:26-cv-03896-KES-SAB-HC

FINDINGS AND RECOMMENDATION TO GRANT PETITIONER LEAVE TO FILE AMENDED PETITION

Petitioner, represented by counsel, is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a citizen of Kenya who lawfully entered the United States on April 10, 2001, on an F-1 visa to attend Heald College. He has continuously resided in the United States for over twenty-three years without departure. (ECF No. 1 at 3.[1]) On December 12, 2025, Petitioner appeared for a scheduled marriage-based I-130/I-485 interview at the U.S. Citizenship and Immigration Services office. While present for that interview, and without prior notice or warning, Petitioner was taken into custody by U.S. Immigration and Customs Enforcement. ///

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Petitioner was immediately transported to California City Detention Facility, where he has remained continuously detained since that date. (ECF No. 1 at 2.)

On December 17, 2025, Petitioner filed a petition for writ of habeas corpus in this Court. Petition, Marco Okoth v. Kaiser, No. 1:25-cv-01936-KES-SAB (E.D. Cal. Dec. 17, 2025), ECF No. 1. On January 7, 2026, the Court dismissed the first amended petition without prejudice given that a bond hearing in the immigration court had been scheduled. Order, Marco Okoth, No. 1:25-cv-01936-KES-SAB, ECF No. 17. On March 10, 2026, an immigration judge held a bond hearing and denied bond, finding Petitioner a danger and flight risk. (ECF No. 1 at 4.)

On May 20, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for TRO in the instant proceeding. (ECF Nos. 1, 2.) On May 22, 2026, Respondent filed a response. (ECF No. 8.) On May 27, 2026, Petitioner filed a reply. (ECF No. 11.) On June 15, 2026, the assigned district judge denied the motion for TRO, stating:

> [P]etitioner fails to establish a likelihood of success on the merits on the claims raised in his motion. Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and received a § 1226(a) bond hearing, at which bond was denied. Doc. 2 at 3. Petitioner argues that his detention has become prolonged following that bond hearing. *See id.* However, in *Rodriguez Diaz v. Garland*, the Ninth Circuit held that due process did not require a second § 1226(a) bond hearing for a petitioner who had been detained for over fourteen months after his first § 1226(a) bond hearing, when the petitioner did not show constitutional error at his first bond hearing. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207-14 (9th Cir. 2022). Petitioner does not identify any circumstances to distinguish this case from *Rodriguez Diaz*, and he has been detained for far less than fourteen months after his first bond hearing. Petitioner has therefore failed to show a likelihood of success on his prolonged detention claim. Petitioner also seeks his immediate release based on his assertion that he has received constitutionally-deficient medical care while in civil immigration detention. See Doc. 2 at 4. He challenges the conditions of his confinement rather than, as required for a cognizable habeas claim, the underlying legal basis for that confinement. *See Pinson v. Carvajal*, 69 F.4th 1072 (9th Cir. 2023). Petitioner has therefore not met his burden, on the present motion, of showing that he is likely to succeed on the merits of his habeas claims. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

(ECF No. 13.) In response to the Court's order, the parties confirmed that Petitioner remains in Respondents' custody. (ECF Nos. 14, 15, 17.)

///

///

///

## II.

## DISCUSSION

### A. Prolonged Detention

In Claim One, Petitioner asserts that detention under § 1226(a) becomes unconstitutional when prolonged and lacking safeguards. (ECF No. 1 at 9.) "The detention of aliens during removal proceedings has long been upheld as a permissible exercise of the political branches' authority over immigration. Section 1226(a) offers substantial procedural protections to detained persons," and the Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process[.]" Rodriguez Diaz, 53 F.4th at 1193, 1213. The Ninth Circuit has held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) hearing was held. Id. at 1203–14. Although Rodriguez Diaz did "not foreclose all as-applied challenges to § 1226(a)'s procedures," Petitioner does not demonstrate that his case is distinguishable from Rodriguez Diaz. Id. at 1213. Accordingly, the Court recommends finding that Petitioner is not entitled to relief on Claim One.

### B. Medical Care

In Claim Two, Petitioner asserts that failure to provide surgery and adequate care violates due process. (ECF No. 1 at 9.) A claim is cognizable in federal habeas corpus when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action is the proper method to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499. The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). See Shook v. Apker, 472 F. App'x 702, 702–03 (9th Cir. 2012) (holding that district court did not err in treating conditions of confinement claims as arising under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), rather than 28 U.S.C. § 2241); Alcala v. Rios, 434 F. App'x 668, 669–70 (9th Cir.

2011) (holding that district court did not err in finding that conditions of confinement claims are not cognizable under 28 U.S.C. § 2241).

In Pinson v. Carvajal, 69 F.4th 1059 (9th Cir. 2023), two federal prisoners "challenge[d] the dismissals of their habeas corpus petitions in which they asserted that their incarceration during the COVID-19 pandemic violated the Eighth Amendment and sought release from custody." Id. at 1062. Holding that "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested," the Ninth Circuit found that "Sands has failed to allege facts to support his legal contention that his detention was unlawful because no set of conditions exist that would cure the constitutional violations." Id. at 1072, 1075. "Because Sands's claims lie outside the historic core of habeas corpus . . . the district court properly found it lacked jurisdiction to hear Sands's petition." Id. at 1075. Subsequently, the Ninth Circuit has stated that "Pinson solidified the rule that a habeas claim is one challenging the fact of confinement, rather than the conditions of confinement." Doe v. Garland, 109 F.4th 1188, 1194 (9th Cir. 2024).

"Petitioner's allegations that continued custody poses a substantial risk of serious harm, without more, do not state a habeas claim when the asserted constitutional violation is the alleged inadequacy of medical care and remedial measures short of release would address any such circumstance." Boscan v. Becerra, No. 1:26-CV-00651-KES-SAB, 2026 WL 310093, at *2 (E.D. Cal. Feb. 5, 2026). Accordingly, the Court recommends finding that Petitioner is not entitled to relief on Claim Two.

**C. Bond Hearing**

In Claim Three, Petitioner asserts that his bond hearing was constitutionally inadequate. (ECF No. 1 at 9.) Petitioner contends that the IJ "failed to apply the correct legal standard and did not require DHS to meet the clear-and-convincing burden." (ECF No. 1 at 8.) However, the Ninth Circuit rejected the argument that due process requires the government to justify detention under § 1226(a) by clear and convincing evidence. Rodriguez Diaz, 53 F.4th at 1210–12. Accordingly, the Court recommends finding that Petitioner is not entitled to relief on this ground.

///

Petitioner also argues that the IJ "failed to meaningfully consider Petitioner's medical condition, despite its severity and relevance to the detention determination" and the "findings of 'danger' and 'flight risk' were based on incomplete or outdated information and did not reflect Petitioner's current circumstances." (ECF No. 1 at 8.) The IJ denied bond, stating:

> Respondent has not met his burden to show that he is not a danger to the community. Respondent's prior criminal convictions and criminal history demonstrate that he has engaged in a pattern of dangerous behavior. Respondent did not submit any police reports to show the underlying facts and circumstances of his arrests in 2014, 2018, and 2019. Each of the arrests involved his wife.
>
> In the alternative, Respondent is a significant flight risk such that no amount of bond or conditions would secure his future Court appearances. Respondent submitted letters from the community, yet none of the letters included identification. Respondent has been in the United States since 2006, but the record does not show a stable employment history. Respondent only submitted tax returns for 2023 and 2024, and no other tax returns. The water bill, while submitted to corroborate his residency, reflects that he failed to meet his financial obligations, as he is behind in his payments. Respondent also overstayed his visa.

(ECF No. 1-1 at 8.)

"When questions require a close review of agency-found facts, like the 'dangerousness' determination, we review for an abuse of discretion" under which "we cannot reweigh evidence ... [but] can [only] determine whether the BIA applied the correct legal standard." Martinez v. Clark, 124 F.4th 775, 784, 785 (9th Cir. 2024) (alterations in original) (some internal quotation marks omitted) (quoting Konou v. Holder, 750 F.3d 1120, 1127 (9th Cir. 2014)).

> To determine whether an alien is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent. *Guerra*, 24 I. & N. Dec. at 40. The nine factors an IJ "may" consider "include any or all of the following:"
>
>> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.
>
> *Id.* And "[t]he *Guerra* factor most pertinent to assessing dangerousness" is "the alien's criminal record, including the extensiveness of criminal activity, the

> recency of such activity, and the seriousness of the offenses." *Singh*, 638 F.3d at 1206 (quoting *Guerra*, 24 I. & N. Dec. at 40).

Martinez, 124 F.4th at 783.

Here, the IJ properly considered Petitioner's criminal record and his employment history. "Because the IJ . . . w[as] entitled to place some weight on the [criminal record and employment history] in their analysis . . . , the Court generally lacks jurisdiction to review whether they placed too much." Kharis v. Sessions, No. 18-CV-04800-JST, 2018 WL 5809432, at *8 (N.D. Cal. Nov. 6, 2018). Accordingly, the Court recommends finding that Petitioner is not entitled to relief on this ground.[2]

**D. Leave to Amend**

Although the Court recommends finding that Petitioner is not entitled to relief on the claims raised in the petition, the Court further recommends granting Petitioner leave to file an amended petition given that Petitioner was arrested when he appeared for a scheduled I-130/I-485 interview. See Ngugi v. Lyons, No. 1:25-CV-01783-KES-EPG (HC), 2026 WL 946905 (E.D. Cal. Apr. 8, 2026) (adopting the reasoning of Franco v. Meyer, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025) and You, Xiu Qing v. Nielsen, 321 F. Supp. 3d 451, 464–66 (S.D.N.Y. 2018), granting preliminary injunction, and ordering immediate release of petitioner who was arrested as his adjustment of status interview in violation of the Immigration and Nationality Act).

**III.**

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that Petitioner be granted leave to file an amended petition.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file

[2] In light of the Court's conclusions, the Court declines to address Respondents' exhaustion argument.

written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 2, 2026**

STANLEY A. BOONE
United States Magistrate Judge